Court of Criminal Appeals of Texas.
June 14, 1950.

---

## Ex parte LOVE.
### No. 24927.

Court of Criminal Appeals of Texas.
June 14, 1950.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

Relator is an inmate of the Texas Prison System, and desires his release therefrom on the following grounds:

He was convicted and given 2 years on a plea of guilty on March 4, 1947, for the offense of burglary, the sentence to begin on said date, the cause being No. 57,388 in the Criminal District Court No. 2 of Harris County. Again, on March 4, 1947, in cause No. 57,272 in the same court, he was convicted upon a plea of guilty of attempted burglary and given a term of two years in the penitentiary, the sentence being made cumulative of No. 57,388 above. Again, on April 7, 1947, in cause No. 58,111 in such court, relator was convicted of burglary upon a plea of guilty in the Criminal District Court of Harris County and given a term of two years in the penitentiary, such sentence being made cumulative of No. 57,272 above mentioned. Again, on April 7, 1947, in No. 58,107 in the Criminal District Court of Harris County, he plead guilty to the offense of felony theft and was sentenced to a term of two years in the penitentiary, such sentence being cumulative of No. 58,111 above. Again, on April 7, 1947, in cause No. 58,109 in the same court, he plead guilty and was given a term of two years in the state prison, this sentence being cumulative with cause No. 58,107.

It is shown that relator's record reflects that he has actually served 2 years, 9 months and 2 days; that he has earned 1 year, 9 months and 25 days, thus giving him a total time credit of 4 years, 6 months and 27 days. Under the computation of time for his discharge by the prison authorities, he is entitled to his discharge on March 8, 1953. However, it is his contention that he is legally entitled to but one cumulation and is therefore subject to discharge at the present time. To this we do not agree. It is shown that his first sentence was in cause No. 57,388, beginning on March 4, 1947, for two years. In No. 57,272 his sentence began at the termination of No. 57,388. Again, in No. 58,111 he received an additional two years and same was cumulative of No. 57,272. Again,

a further two years received in No. 58,111 was to be cumulative of No. 57,272. Again, in No. 58,107, he received another two years to be cumulative of No. 58,111; and again, in No. 58,109, he received a two-year sentence to be cumulative of No. 58,107.

We think that after the sentence in No. 57,388 was imposed, that each successive sentence begins when the previous conviction is served, and that relator is not entitled to his discharge until he shall have served these several cumulative sentences.

Thus believing, the relief prayed for herein is denied.